**Margie J. ELLIOTT and Lon Elliott, wife and husband, Appellants,**

v.

**ALPAC CORPORATION, a Nevada Corporation, d/b/a Glaser Beverages, Appellee.**

No. 22120.

United States Court of Appeals Ninth Circuit.

May 31, 1968.

Rehearing Denied Sept. 24, 1968.

Robert O. Wells, Jr. (argued), Jacob A. Mikkelborg, of Broz, Long, Mikkelborg, Wells & Fryer, Seattle, Wash., for appellants.

Frank W. Draper (argued), of Detels, Draper & Marinkovich, Seattle, Wash., for appellee.

OPINION

Before HAMLEY and ELY, Circuit Judges, and VON DER HEYDT, District Judge.

VON DER HEYDT, District Judge.

This is an appeal from a judgment entered upon a jury verdict for appellee and from an order which denied appellants' motion for a new trial. Jurisdiction rested with the District Court because of diversity of citizenship.

Briefly, the facts are as follows. Appellant Margie Elliott purchased six bottles

of a soft drink, "Like", which is bottled by appellee. Subsequently, she opened two bottles without incident. Appellant's hand was injured when a third bottle she attempted to open fragmented.

This action was predicated upon theories of negligence and breach of implied warranty. The District Court declined to instruct the jury on the law of breach of implied warranty, and instructed only upon the negligence theory. Appellant excepted, alleged error, and this appeal followed.

By the verdict of the jury the negligence issue was resolved against appellants. Therefore the question before us is whether the District Court erred by its refusal to instruct the jury upon the issue of implied warranty under the particular facts of this case.

█ In a diversity action such as this, the District Court assumes the function of the highest state appellate court and has the duty to determine how that appellate court would decide the issue in controversy. It is conceded that the law of the State of Washington is unsettled upon the issue of implied warranty raised here. However, since we decide the appeal upon the narrow ground of the sufficiency of the evidence as to the implied warranty issue, we need not speculate concerning the position the Supreme Court of Washington might have taken if required to decide this case.

█ In the lower court it was necessary for appellants to prove by substantial evidence that the bottle was in a defective condition when it left appellee's control. Appellee contends that no such substantial evidence existed to support this contention. An examination of the record clearly discloses that appellants' evidence was not sufficient to require the District Court to instruct the jury upon the issue of breach of implied warranty.

Charles Smith, appellants' expert witness, testified that in his opinion the bottle which fragmented in the hand of appellant Margie Elliott was cracked as the result of "crimping" procedures utilized in putting the cap on the bottle. "Crimping", it appears from the evidence, is effected by a claw-like mechanism which exerts pressure to squeeze the sides of the cap against the bottle. Smith, while generally familiar with bottling procedures, did not know whether or not appellee, in its bottling process, utilized such a claw-like mechanism to secure the cap on the bottle. Thus the predicate for his opinion, which constituted appellants' major evidence on this subject, was conjectural.

It was clearly established that, in fact, there is no claw-like or crimping mechanism in its bottling process, and that the "crimps" in the cap are a part of the cap manufacturing process. Under these circumstances Smith's testimony does not constitute substantial evidence that the bottle was defective when it left appellee's control.[1]

█ As we have had occasion to note previously:

> The Supreme Court of the State of Washington has discarded the scintilla of evidence doctrine, and requires instead that the evidence * * * must be substantial. * * * It is reversible error in the State of Washington to instruct the jury on an issue which is not supported by substantial evidence.[2]

Therefore, since no substantial evidence existed to support an action predicated on breach of implied warranty, the District Court committed no error by its refusal to so instruct the jury.

The judgment is affirmed.

The petition for rehearing is denied.[3]

---

1. See Hagen v. City of Seattle, 54 Wash. 2d 218, 339 P.2d 79 (1959); Neel v. Henne, 30 Wash.2d 24, 190 P.2d 775 (1948).

2. Greyhound Corp. v. Blakely, 262 F.2d 401, 409 (9th Cir. 1958). See Neel v. Henne, note 1 supra.

3. Judge Hamley's further study of the case, after filing of the petition for rehearing, has led him to the view that there was substantial evidence that the bottle was in a defective condition when it left appellee's control, and he would therefore grant a rehearing.